IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELECTIVE WAY INSURANCE COMPANY : : : v. : : RANDY GINGRICH, individually and t/a C & R CONSTRUCTION : : : | CIVIL ACTION NO. 1:08-CV-994 (Chief Judge Kane) |

**MEMORANDUM**

Before the Court is Petitioner's motion to intervene in the above-captioned action. (Doc. No. 12.) The motion has been briefed and is ripe for disposition. For the reasons stated below, the Court finds that the requirements for intervention have not been met and therefore denies Petitioner's motion.

**I.     BACKGROUND**

On July 14, 2007, while operating a covered vehicle under the influence of alcohol, Defendant was involved in a collision that resulted in the death of Patricia Garthwaite. (Doc. No. 1-19.) Kevin Garthwaite, the decedent's spouse, filed a wrongful death action against Defendant Randy Gingrich in the Court of Common Pleas of Lebanon County on January 19, 2008. (Doc. No. 13, Ex. 2.) Plaintiff Selective Way Insurance Company, while defending Defendant in the state wrongful death action, filed this action on May 21, 2008 seeking declaratory judgment that Defendant is not, in fact, covered by the insurance policy they issued in his name effective July 2, 2007. Defendant failed to make an appearance or otherwise defend himself in this Court within the time provided by the Federal Rules of Civil Procedure, and so Plaintiff moved for default judgment on July 30, 3008, (Doc. No. 9) and the Clerk of Court entered default. (Doc. No. 11.)

Garthwaite then filed this motion to intervene on August 6, 2008, arguing that the judgment Plaintiff seeks in this action would adversely affect any judgment he receives in the state action. (Doc. No. 12.)

## II.     DISCUSSION

Federal Rule of Civil Procedure 24(a) provides the basis for intervention in an already-pending lawsuit. Fed. R. Civ. P. 24(a). The Third Circuit Court of Appeals explained in Liberty Mutual Ins. Co. v. Treesdale, Inc. that there are four separate and distinct required elements of Rule 24(a)(2): (1) timely application; (2) sufficient interest in the litigation; (3) threat that the interest will be impaired by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties. 419 F.3d 216, 220 (3d Cir. 2005) (citing Kleissler v. United States Forest Service, 157 F.3d 964, 969 (3d Cir. 1998)). "Each of these requirements must be met to allow an Petitioner to intervene as of right." Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995).

In this case, as in Liberty Mutual, Petitioner fails to establish the second element, sufficient interest in the litigation, so the Court's analysis will begin there. Liberty Mutual was a declaratory judgment action to establish coverage of an insurance policy. 419 F.3d at 219. Similarly, Libtery Mutual also consisted of a fact pattern in which the defendant in the declaratory judgment action was also the defendant in an underlying tort action, and the Petitioner's interest in the declaratory judgment action was in ensuring that an insurance policy would be available to satisfy a judgment in the tort action. Id. In Liberty Mutual, the Third Circuit held that the petitioners' interest in the policy was insufficient to support an intervention as of right under Federal Rule of Civil Procedure 24(a)(2) because it was a "mere economic interest" and not "property interest or other legally protectable interest" Id. at 222.  The court

went on to say that "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." Id. at 223.

The facts here lead to the same conclusion. Petitioner does not have a legal or property interest in an established fund as did the intervenor in Mountain Top. 72 F.3d at 366-68. Mountain Top is distinguishable from the facts at bar just as the Third Circuit distinguished it from the facts of Liberty Mutual. In Mountain Top, there was a previously established fund in which the intervenor had a statutorily protected interest. Here, as with Liberty Mutual, there is no such pre-established fund; rather, the interest is only a prospective one.

Because Petitioner's interest is insufficient, the motion must fail; the Court need not consider the other elements. Liberty Mutual, 419 F.3d at 227 (declining to examine the impairment element until the Petitioner has shown a protectable legal interest).

### III.   CONCLUSION

Petitioner he has failed to show that he has "as sufficient interest in the litigation" pending before this Court. Accordingly, his motion to intervene (Doc. No. 12) is denied.

An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SELECTIVE WAY INSURANCE COMPANY** : : : | |
| : | **CIVIL ACTION NO. 1:08-CV-994** |
| **v.** : : | **(Chief Judge Kane)** |
| **RANDY GINGRICH, individually and t/a C & R CONSTRUCTION** : : : | |

# ORDER

AND NOW, on this 12th day of November, 2008, upon consideration of Petitioner's motion to intervene as of right (Doc. No. 12), **IT IS HEREBY ORDERED** the motion is **DENIED.**

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania