IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SELECTIVE WAY INSURANCE COMPANY,** : | |
| Plaintiff : | CIVIL ACTION NO. 1:08-CV-994 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| **RANDY GINGRICH, individually and t/a** : | |
| **C & R CONSTRUCTION,** : | |
| Defendant : | |

**MEMORANDUM**

Before the Court are Plaintiff Selective Way Insurance Company's motion for default judgment (Doc. No. 9) and Defendant Randy Gingrich's motion to stay case (Doc. No. 20). Though the complaint was filed May 21, 2008, Defendant did not make an appearance until September 22, 2008 (Doc. No. 20), at which time he requested a stay. Defendant has also made another filing, docketed as "brief in opposition re motion for default judgment" (Doc. No. 21) but perhaps better titled a brief in support of his motion to stay case.

**I.     BACKGROUND**

On July 14, 2007, while under the influence of alcohol, Defendant Randy Gingrich was operating a vehicle allegedly insured by Plaintiff Selective Way Insurance Company. (Doc. No. 1, Ex. E, at 4.) He was involved in a collision that resulted in the death of Patricia Garthwaite. (Doc. No. 1, Ex. E, at 4-5.) Kevin Garthwaite, the decedent's spouse, filed a wrongful death action against Defendant Gingrich in the Court of Common Pleas of Lebanon County on January 19, 2008. (Doc. No. 1, Ex. E.) Plaintiff Selective Way Insurance Company, while defending Defendant in the state wrongful death action, filed this action on May 21, 2008 seeking declaratory judgment that Defendant is not, in fact, covered by the insurance policy issued in his name effective July 2, 2007. Defendant, currently incarcerated in Camp Hill, failed to make an

appearance or to otherwise defend himself within the time provided by the Federal Rules of Civil Procedure, and Plaintiff moved for default judgment. (Doc. No. 9.) On July 31, 2008, the Clerk of Court entered default against Defendant Gingrich. (Doc. No. 11.)

Plaintiff filed two motions to stay the case on Defendant's behalf (Doc. Nos. 15 & 18), but now opposes Defendant's *pro se* motion to stay the case. (Doc. Nos. 20 & 23.) Defendant has submitted another filing, self-titled "answer to declaratory default judgement" but which functions as a brief in support of his motion for stay, as well. (Doc. No. 21.)

## II.   DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows a court discretion to enter default judgment, but a party is not entitled as a matter of right to a default judgment even if the other party is technically in default. Enron Oil Corp. v. Masonori Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993).  The Third Circuit requires consideration of three factors in determining whether default judgment should be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154 (3d Cir. 2000). Poulis v. State Farm Fire & Cas. Co., overlaps the three factors above and includes three more for the Court to consider, emphasizing the "extreme" nature of a default judgment: "1) the extent of the party 's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." 747 F.2d 863, 868 (3d Cir. 1984).

In considering possible prejudice to the Plaintiff, the Court notes that Plaintiff is

potentially prejudiced by the continuation of this suit because it is expending resources in representing Defendant in the wrongful death action currently being litigated in state court. Conservation of these resources is likely the primary reason Plaintiff brings this declaratory judgment action now, rather than waiting until a determination is made on Defendant's liability in the wrongful death action. Because Defendant's insurance contract may require such a defense, however, it is unclear whether Plaintiff is actually being prejudiced or is simply fulfilling the obligations of its contract.

Even, *assuming arguendo*, Plaintiff would be prejudiced by the Court's denial of default judgment, the other factors outweigh this prejudice. Defendant is currently in jail without substantial resources either to defend himself or to find adequate counsel to represent him in this action. Defendant also argues that he thought his counsel (provided by Plaintiff) in the state action would represent him in this case, as well. Although such a contention at first blush may appear unreasonable, the Court finds this assumption credible given that Plaintiff's counsel actually did file the first two motions for stay on behalf of Defendant in this case. This surely would give a reason for Defendant's misunderstanding that he was being adequately represented both in the state wrongful death action and in this action for declaratory judgment. Defendant's confusion over whether he was being represented suggests that his failure to timely respond was not done in bad faith. The Court also notes that Defendant filed two documents *pro se*, further indicating that prior failure to respond was not the result of bad faith. It also indicates that he now intends to defend his claim. There is no other history of dilatoriness of which this Court is aware or evidence of delay due to culpable conduct.

Next, the fact that the insurance policy was issued to Defendant in his name indicates that there might be a litigable or meritorious defense. Defendant was given an auto insurance card to

carry on behalf of his construction company; if the policy didn't apply to him, there remains the question: to whom would it have applied? Plaintiff's complaint states only that the *application* also contained the name Cindy Gingrich, but does not otherwise state who would have been a covered driver under the policy. Thus, the Court cannot find that Defendant's case is clearly nonmeritorious or that it was clearly understood that Randy Gingrich would not be covered by the policy.

The Court concludes by noting that, considering the public policy interest in deciding a case on the merits, more appropriate sanctions are available. A more appropriate sanction would be to deny Defendant's motion to stay the case. This alternative would minimize any prejudice to Plaintiff in terms of the ongoing resources expended in representing Defendant in his state court action, but would also allow Defendant the benefit of responding to the allegations of the complaint and litigating this case on the merits. Defendant has already been allowed two stays, delaying this case substantially. At this point, it is clear Defendant has been aware of Plaintiff's action against him, and his need to defend himself in the action, for months. The Court finds that an appropriate sanction in lieu of default judgment would be to deny Defendant's motion to stay the case and to direct Defendant to answer the allegations of the complaint.

In conclusion, upon consideration of the Chamberlain factors and the Poulis factors, the Court finds that Plaintiff's motion for default judgment and Defendant's motion to stay the case should be denied. An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELECTIVE WAY INSURANCE COMPANY,<br>　　　Plaintiff<br><br>v.<br><br>RANDY GINGRICH, individually and t/a<br>C & R CONSTRUCTION,<br>　　　Defendant | :<br>:<br>:　CIVIL ACTION NO. 1:08-CV-994<br>:<br>:　(Chief Judge Kane)<br>:<br>:<br>:<br>: |

## ORDER

**AND NOW** on this 5th day of January, 2009, upon consideration of Plaintiff's motion for default judgment (Doc. No. 9) and Defendant's motion to stay case (Doc. No. 20), **IT IS HEREBY ORDERED**:

　　1. Plaintiff's motion for default judgment is **denied.**

　　2. Defendant's motion to stay the case is **denied.**

　　3. Because leniency is due a *pro se* litigant, Defendant is **directed** to file an answer, *i.e.* to respond with defenses against the allegations made in the complaint, within 30 days.


　　　　　　　　　　　　　　　　　　　　　 S/ Yvette Kane
　　　　　　　　　　　　　　　　　　　　　Yvette Kane, Chief Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court
　　　　　　　　　　　　　　　　　　　　　Middle District of Pennsylvania