IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SELECTIVE WAY INSURANCE COMPANY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:08-CV-994 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| RANDY GINGRICH, individually and t/a C & R CONSTRUCTION, | : | |
| Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff Selective Way Insurance Company's motion for judgment on the pleadings. (Doc. No. 27.) Though the motion was filed January 30, 2009, and on March 25, 2009, the Court sent Defendant Randy Gingrich an order to show cause why the motion should not be deemed unopposed (Doc. No. 34), Defendant Gingrich has nonetheless failed to respond to the motion with the exception of having filed an "amended answer" to the complaint (Doc. No. 31). Because Defendant Gingrich has not responded to the Court's order to show cause and a brief in opposition to the motion was initially due February 21, 2009[1], Plaintiff's motion is now deemed ripe before the Court for disposition.

**I.      BACKGROUND**

On July 14, 2007, while under the influence of alcohol, Defendant Randy Gingrich was operating a vehicle insured by Plaintiff Selective Way Insurance Company. (Doc. No. 1, Ex. E, at

---

[1]Pursuant to local and federal rules, Defendant had eighteen days after service of Plaintiffs' brief within which to file a brief in opposition. See M.D. Pa. L.R. 7.6 ("Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief . . . ."); Fed. R. Civ. P. 6(d) (adding three days after the filing period would otherwise expire when service is made by electronic means).

1

4.) He was involved in a collision that resulted in the death of Patricia Garthwaite. (Doc. No. 1, Ex. E, at 4-5.) Kevin Garthwaite, the decedent's spouse, filed a wrongful death action against Defendant Gingrich in the Court of Common Pleas of Lebanon County on January 19, 2008. (Doc. No. 1, Ex. E.) Plaintiff Selective Way Insurance Company, while defending Defendant in the state wrongful death action, filed this action on May 21, 2008, seeking declaratory judgment that Defendant is not, in fact, covered by the insurance policy issued in his name effective July 2, 2007. Defendant, currently incarcerated in Camp Hill, Pennsylvania, failed to make an appearance or to otherwise defend himself within the time provided by the Federal Rules of Civil Procedure, and Plaintiff moved for default judgment. (Doc. No. 9.) On July 31, 2008, the Clerk of Court entered default against Defendant Gingrich. (Doc. No. 11.) After several requested stays by Defendant (Doc. Nos. 15, 18, 20), the Court denied Plaintiff's motion for default judgment but directed Defendant to file an answer by February 4, 2009. (Doc. No. 25.) Defendant answered the complaint on January 26, 2009, admitting paragraphs 1-34 of the complaint, and also setting forth what are styled as four counterclaims but which conceivably also serve as arguments in defense of Plaintiff's motion. (Doc. No. 26.)

    Shortly thereafter, Plaintiff filed a motion for judgment on the pleadings (Doc. No. 27) and brief in support (Doc. No. 28). Rather than respond to the motion for judgment on the pleadings, Defendant Gingrich filed an "amended answer for declaratory judgment," adding an additional counterclaim. (Doc. No. 31.) Plaintiff did not respond to Defendant's counterclaims, classifying them instead as "defenses," but did file a supplemental memorandum of law in support of its motion for judgment on the pleadings. (Doc. No. 33.) Recognizing that Defendant Gingrich is acting *pro se* and is currently incarcerated, and seeing that nearly sixty days from the

filing of Plaintiff's motion for judgment on the pleadings Defendant had still not responded to the motion, this Court directed Defendant to respond to the motion for judgment on the pleadings by April 14, 2009. (Doc. No. 34.) To date, over four months after the motion for judgment on the pleadings was filed, Defendant has made no response. Accordingly, the Court will rule on the motion as filed. M.D. Pa. L.R. 7.6 ("Any party opposing any motion shall file a responsive brief . . . within fifteen (15) days after service of the movant's brief . . . . Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.").

## II. STANDARD OF REVIEW

At any time after the pleadings close and so as not to delay trial, a party may move for a judgment on the pleadings. Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true, and view all reasonable facts and inferences in the light most favorable to the nonmoving party. Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d Cir. 2005). The standard is generally comparable to a motion to dismiss. Id. A motion for judgment on the pleadings will not be granted unless the moving party clearly establishes that there are no material issues of fact, and he or she is entitled to judgment as a matter of law. DiCarlo v. St. Mary Hosp., 530 F.3d 255, 259 (3d Cir. 2008).

## III. DISCUSSION

As stated above, Defendant Gingrich did file an answer to the complaint admitting all the facts set forth in the initial complaint, including his exclusion as a covered driver under the policy. (Doc. No. 26.) Defendant then filed an amended answer to the complaint, which was substantially similar to the initial answer, but with one additional "claim for relief." (Doc. No. 31.) Because Defendant has accepted all facts as true, the only question before the Court is one of

3

law—whether the exclusion of Defendant Randy Gingrich as a driver to an insurance policy issued to C & R Construction releases Plaintiff Selective Way Insurance Company from any and all duty to defend and liability for damages incurred while Defendant Gingrich was operating a C & R Construction automobile otherwise covered by the policy. The Court finds that it does. In so finding, the Court simultaneously rejects Defendant's counterclaims.

Under Pennsylvania law, an insurance company is entitled to issue a policy that insures a motor vehicle but to exclude certain drivers from coverage even when driving a covered vehicle. 75 Pa. Cons. Stat. Ann. § 1718(c); Donegal Mut. Ins. Co. v. Fackler, 835 A.2d 712 (Pa. Super. Ct. 2003) (holding that a named driver exclusion is valid even where not all requirements of 75 Pa. Cons. Stat. Ann. § 1718(c) are met); State Farm Fire and Cas. Co. v. Keenan, 953 F. Supp. 103 (E.D. Pa. 1997) (releasing insurance company from liability to third-party accident victim after finding exclusion of husband, who was driving during the accident, from insurance policy covering wife's car was valid and enforceable). This so-called "named driver exclusion" has been upheld by Pennsylvania courts as consistent with the public policy embodied in the Motor Vehicle Financial Responsibility Law ("MVFRL"). Donegal, 835 A.2d at 716 (citing Progressive No. Ins. Co. v. Schneck, 813 A.2d 828 (Pa. 2002)). While not as explicit as some named driver exclusions[2], the named driver exclusion for Defendant Gingrich's insurance policy clearly states: "[i]t is agreed that the insurance afforded by the coverage form listed above shall not apply with

---

[2] The named driver exclusion in Progressive No. Ins. Co stated "No coverage is provided for any claim arising from an **accident** or **loss** that occurs while a **covered vehicle** or **non-owned vehicle** is operate by the excluded driver(s). THIS INCLUDES ANY CLAIM FOR DAMAGES MADE AGAINST **YOU**, A **RELATIVE**, OR ANY OTHER PERSON OR ORGANIZATION THAT IS VICARIOUSLY LIABLE FOR AN **ACCIDENT** ARISING OUT OF THE OPERATION OF A **COVERED VEHICLE** OR **NON-OWNED VEHICLE** BY THE EXCLUDED DRIVER." Progressive, 813 A.2d at 830.

4

respect to any claim arising from accidents which occur while any automobile is being operated by: Randy Gingrich." (Doc. No. 27-16 at 13.) This endorsement page is not individually signed, however, Defendant Gingrich acknowledges that such exclusion was part of his policy. (Doc. No. 31.) The Pennsylvania Supreme Court has stated that "[w]ords in an insurance policy must be given a reasonable and normal interpretation," and "[w]here the language of a policy is clear and unambiguous, a court is required to give effect to that language." Progressive, 813 A.2d at 831(citing Great American Ins. Co. v. State Farm Mut. Auto. Ins. Co., 194 A.2d 903, 905 (Pa. 1963) and Standard Venetian Blind Co. v. American Empire Ins. Co., 469 A.2d 563, 566 (Pa. 1983)).

Given the clear statement that "insurance afforded by the coverage form listed above **shall not apply** with respect to **any** claim arising from accidents which occur while any automobile is being operated by: Randy Gingrich," this Court concludes that the words of the insurance policy should be given their plain meaning releasing Plaintiff Selective Way Insurance from liability for claims arising out of Defendant Gingrich's collision with Patricia Garthwaite. Courts are only entitled to go beyond the plain meaning of the contract language when it is contrary to a clearly expressed public policy, which is not the case here. Donegal, 835 A.2d at 716; Progressive, 813 A.2d at 831. Accordingly, Plaintiff's motion for declaratory judgment will be granted.

Defendant's claims for relief, whether construed as arguments in his defense for purposes of this motion or as counterclaims, are without merit. He argues generally that Plaintiff Selective Way has a duty to defend and indemnify him for damages, a duty to pay punitive damages, and a duty to provide him benefits under the insurance contract (Doc. No. 31 ¶¶ (b), (c), (d)), all of

which are in direct contradiction to the declaratory relief sought by Plaintiff. Yet, Defendant provides no argument in support of these assertions except a citation to a decision of the Fifth Circuit Court of Appeals stating that liability insurance policies typically include a duty to defend and indemnify. <u>Hardy v. Hartford Ins. Co.</u>, 236 F.3d 287 (5th Cir. 2001). However, as stated above, the insurance contract at issue is not typical in that it specifically denies any duty to defend, indemnify, or cover accidents that occur while Defendant Gingrich is operating a covered vehicle. Accordingly, Plaintiff Selective Way is not obligated to indemnify, defend, pay compensatory or punitive damages, or provide benefits to Defendant arising from the accident of July 14, 2007.

Defendant also argues that uninsured motorist protection should apply to cover the Garthwaite Estate's claims against him. (Doc. No. 31 ¶ (e).) However, the named driver exclusion unambiguously applies to "any claims" arising while Defendant Gingrich was operating a covered vehicle; thus, it bars recovery under the uninsured or underinsured motorist protection, as well. <u>See</u>, <u>Progressive</u>, 813 A.2d at 831 ("The named driver exclusion here denies coverage for 'any claim'; this language unambiguously operates to bar recovery of UIM benefits under policy when the driver is excluded.").

Defendant also argues that although he is an excluded driver in the Business Auto section of the policy, nothing in that section prevents enforcement of the Commercial Liability Policy, which covers C & R Construction, and therefore the damage to the truck resulting from the July 14, 2007 accident. (Doc. No. 31 ¶ (a).) However, upon review of the Commercial Liability Policy, attached to the complaint as Exhibit C (Doc. No. 1-14), it appears that damages "arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or

watercraft" are excluded from coverage under the Commercial Liability Policy, presumably because they are independently covered and discussed in the Business Auto Section of the policy. (Doc. No. 1-14 at 7.) The term "auto" is defined to include "a land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment. . . ." (Doc. No. 1-14 at 16.) Thus, the truck driven by Plaintiff at the time of the July 14, 2007 accident is not covered by the Commercial Liability Policy either.

It is clear that Defendant's arguments, whether stated as counterclaims or interpreted as affirmative defenses, are meritless. Further, Defendant has failed to respond to a court order directing him to respond to Plaintiff's motion for judgment on the pleadings, and a finding in favor of such motion is necessarily inconsistent with a finding in favor of his counterclaims. Defendant has been given numerous stays and extensions to proceed and adequately defend himself. His most recent failure to respond to the Court's order to show cause and support his counterclaims or to otherwise defend against the motion for judgment on the pleadings filed against him demonstrates a failure to prosecute his counterclaims. Fed. R. Civ. P. 41(b); Link v. Wabash RR Co., 370 U.S. 626. 629-630 ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. . . . The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

The Third Circuit Court of Appeals applies six factors to determine whether a default should lead to dismissal. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.

7

1984). The factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. Here, all factors appear to weigh in favor of dismissal. Defendant is responsible for his own untimeliness; Plaintiff is prejudiced by dilatoriness because it is currently expending resources in representing Defendant in state court litigation; Defendant has failed numerous times to respond by Court deadlines; Defendant's failure to respond to the Court's order to show cause demonstrates a willful failure to abide by deadlines; Defendant's history of dilatoriness despite awareness that failure to respond might result in judgment for Plaintiff indicates lesser or monetary sanctions would be fruitless; and lastly, Plaintiff's claim is meritorious. Particularly in light of the merit of Plaintiff's claim, the Court finds that, in light of all the Poulis factors, dismissal of Defendant's counterclaims is warranted. For this reason and the foregoing, Plaintiff's motion for judgment on the pleadings is granted and Defendant's counterclaims are dismissed.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| SELECTIVE WAY INSURANCE | : | |
|---|---|---|
| COMPANY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:08-CV-994 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| RANDY GINGRICH, individually and t/a | : | |
| C & R CONSTRUCTION, | : | |
| Defendant | : | |

## ORDER

**AND NOW** on this 3rd day of June 2009, upon consideration of Plaintiff's motion for judgment on the pleadings (Doc. No. 27), **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for judgment on the pleadings is **granted;** Defendant's counterclaims are **dismissed with prejudice.**

2. The Exclusion of Named Driver Endorsement (AP-300) contained in the Selective Policy number S1588689, which specifically excludes Randy Gingrich from receiving any insurance coverage under the Business Auto Coverage Form of the policy while he is operating a vehicle and involved in an accident, is valid and enforceable;

3. Selective Way Insurance Company has no duty or obligation under policy number S1588689 to indemnify Randy Gingrich (and/or Randy Gingrich t/a C&R Construction) for any and all damages he may become legally obligated to pay as a result of the accident of July 14, 2007, including but not limited to those damages which may be owed to the Estate of Patricia Garthwaite and those damages being claimed in the Garthwaite Litigation currently pending in the Lebanon County Court of Common Pleas, Civil Action No. 2008-00126, captioned <u>Kevin R. Garthwaite, Individually and as Administrator of the Estate of Patricia Garthwaite v. Randy L. Gingrich, et al</u>;

4. Selective Way Insurance Company has no duty or obligation to defend, provide a defense, or to pay for the defense of Randy Gingrich (and/or Randy Gingrich t/a C&R Construction) in any claim, suit or litigation commenced as a result of the accident of July 14, 2007, including but not limited to the Garthwaite Litigation currently pending in the Lebanon County Court of Common Pleas, Civil Action No. 2008-00126, captioned <u>Kevin R. Garthwaite, Individually and as Administrator of the Estate of Patricia Garthwaite v. Randy L. Gingrich, et al</u>;

5. The Clerk of Court is directed to order judgment in favor of Plaintiff and to close the case.

           S/ Yvette Kane
           Yvette Kane, Chief Judge
           United States District Court
           Middle District of Pennsylvania